UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 07-128-01 |
| | : | |
| VIXAY PHOMMARATH | : | |

MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

Now comes the defendant and moves for a sentence outside of the applicable guideline range. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe that this post-plea motion is governed by 18 U.S.C. §3161(h).

VIXAY PHOMMARATH
By his Attorney,

/s/Robert B. Mann_____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 14th day of January, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Peter F. Neronha, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 07-128-01 |
| | : | |
| VIXAY PHOMMARATH | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

## I. INTRODUCTION

This memorandum is presented in support of the defendant's arguments as to sentencing in this matter. The defendant stands convicted of conspiracy to affect commerce by robbery and possession of a firearm in furtherance of a crime of violence. On the second count, the defendant must receive no less than a five year sentence, consecutive to the sentence on Count 1. The guideline range as currently set forth in the Presentence Report for Count 1 is 24-30 months. There is no dispute about the calculation of the guideline range.

The defense asks this Court to impose a sentence below the guideline range as to Count 1.

## II. THE DEFENDANT'S PERSONAL SITUATION

The defendant is 21 years old. The defendant has no record of either adult or juvenile adjudications and his extremely limited contact with the criminal justice system is spelled out in paragraphs 30 through 33 of the Presentence Report. The defense is submitting by letter format in support of this motion two letters from a sister of the defendant and a friend of the defendant. The letters speak for themselves, but two

themes emerge from the letters. The defendant is a decent, caring person. Second, he will have a support system available to help him upon his release from incarceration.

III. <u>THE FACTORS IN 18 U.S.C. §3553(a)</u>

The defense outlines the salient factors to consider as they relate to 18 U.S.C. §3553 in assessing the sentence to impose upon the defendant. The United States Supreme Court recently said:

> Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. [Footnote omitted]

<u>Gall v. United States</u>, 128 S. Ct. 586, 169 L.Ed.2d 445, 457 (U.S. 2007). The footnote then lists the various factors to be considered. The defense submits that the mandatory minimum sentence which is a consequence of the defendant's conviction on Count 2 has a special impact on the Court's role with respect to Count 1. As the Supreme Court noted in <u>Gall</u>, <u>supra</u>, not all Guidelines are tied to empirical evidence, the Court making specific reference to drug offense guidelines. <u>Id</u>. at n. 2. The defense would note in this case that 5 years of any sentence the defendant will receive is not based on the empirical evidence which underlies much of the guidelines, but is a function of the statutory mandate as to the sentence for Count 2. The defense argues, however, that in considering an appropriate sentence, this Court should consider the whole sentence to be imposed, not just the sentence for Count 1.

The defense next considers the factors in 18 U.S.C. §3553 that the defense believes are of particular import in this case

**1. <u>18 U.S.C. §3553(a)(1)</u>**

The statute provides that the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

In this case, the history and characteristics of the defendant in particular, militate in favor of a sentence below the guideline range. Not only is the defendant in Criminal History Category I, but he has 0 criminal history points. Indeed, his prior contact with the criminal justice system is very limited. Presentence Report at paragraphs 32 and 33. In addition, the letters submitted in his support further buttress the sense that this defendant has been a productive member of society in the past and can again become a productive member of society. He is a high school graduate with a good employment record.

**2. <u>18 U.S.C. §3553(a)(2)(A)</u>**

The statute provides the Court shall consider:

> the need for the sentence imposed --
>
> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

The defense submits that the five year sentence he will receive on Count 1 will adequately reflect the factors set forth above. Indeed, the ability and willingness of the legal system to recognize the value of giving a person who is essentially a first time offender a sentence that is five years, rather than 7 or 7½ years (or more) enhances the importance of not getting a record and promotes respect for the law.

In <u>Gall v. United States</u>, the Court said:

> Moreover, the unique facts of Gall's situation provide support for the District Judge's conclusion that, in Gall's case, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh

> punishment without taking into account the real conduct and circumstances involved in sentencing." Id., at 126.

Gall v. United States, 128 S. Ct. 586, 169 L.Ed. 2d 445, 459-460 (U.S. 2007). The defense submits that the argument on behalf of Mr. Phommarath is similar.

**3. 18 U.S.C. §3553(a)(2)(C)**

Another of the factors identified in 18 U.S.C. §3553(a) is:

> (2) the need for the sentence imposed-
> ... (C) to protect the public from further crimes of the defendant; and ….

18 U.S.C. §3553(a)(2)(C). This proviso in effect addresses the question of recidivism. Clearly, one concern is what is the likelihood that the defendant will again commit crimes. The defense refers the Court to the discussion above about the fact that the defendant has 0 criminal history points.

**4. 18 U.S.C. §3553(a)(2)(D)**

> (2) the need for the sentence imposed-
> ... (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;….

18 U.S.C. §3553(a)(2)(D). In this case, there are limits on the discretion this Court an exercise, because the second count mandates a consecutive five year sentence. The defense submits that for this defendant, five years is more than enough to provide the defendant with the kinds of assistance outlined in this section of the statute. Whatever correctional guidance can be provided by the penal system will be more that fulfilled with a sentence of 5 years incarceration.

IV. CONCLUSION

For all of the reasons set forth above, the defense asks for a sentence outside of the guideline range pursuant to 18 U.S.C. §3553(a) as set forth above and more specifically that the Court impose no prison term for the conviction on Count 1, in light of the fact that the defendant will receive a sentence of at least five years on Count 2.

VIXAY PHOMMARATH
By his Attorney,

/s/Robert B. Mann____________

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 14th day of January, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Peter F. Neronha, AUSA

/s/Robert B. Mann

Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net